Entered on Docket
November 20, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STUART W. CUMMINGS,　　　　　　　　　　　　　　　No. 15-10273

　　　　　　　Debtor(s).
_____/

Memorandum re Chapter 13 Plan
_____

I. Introduction

     Chapter 13 debtor Stuart Cummings is the brother of creditor Stephen Cummings. Stuart is a construction contractor; Stephen is a medical doctor.

     In 2010, Stuart and Stephen entered into a formal, written partnership agreement. It provided that Stuart would build a spec house in Half Moon Bay, California, with funds provided by Stephen, the brothers splitting the profits.

     After the spec house was completed and sold, Stuart sued Stephen in state court, arguing that Stephen had withheld his share of the profits. Stephen countersued for recovery of all sums paid to Stuart, arguing that under California law a contractor's license is automatically suspended if a contractor fails to have worker's compensation insurance and a contractor must return all payments received while unlicensed. Stuart admits that he did not have worker's compensation insurance while he was building the spec house, but argues that Stephen was supposed to pay for it and instead told him to finish the work without it.

     Along with his countersuit, Stephen sought a prejudgment writ of attachment. After a

1

Case: 15-10273　Doc# 82　Filed: 11/20/15　Entered: 11/20/15 16:09:04　Page 1 of 4

contested hearing, the state court granted the writ in the amount of $947,790.00, plus attorney's fees, which was recorded on June 23, 2014. Stuart filed his Chapter 13 petition on March 21, 2015.[1]

Stuart's Chapter 13 plan is now before the court. Stephen argues that it should not be confirmed because Stuart is not eligible for Chapter 13 and because his plan is not feasible. For the reasons discussed below, the court agrees.

II. Eligibility

Section 109(e) of the Bankruptcy Code provides that only individuals with regular income and noncontingent, liquidated unsecured debt of less than $383,175.00 can be Chapter 13 debtors. "Noncontingent" and "liquidated" are not defined by the Bankruptcy Code but have been defined by case law. A contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987). A debt is not contingent "if all events giving rise to liability occurred prior to the filing of the bankruptcy petition." *In re Nicholes*, 184 B.R. 82, 88 (9th Cir. BAP 1995). A debt is liquidated for Chapter 13 eligibility purposes if it is subject to ready determination and precision in computation. *In re Fostvedt,* 823 F.2d 305, 306 (9th Cir.1987).

As Stephen points out, the "liquidation" test in *Fostvedt* is essentially the same as the requirement for issuance of a writ of attachment under state law, which limits writs to cases where "the total amount of the claim or claims is a fixed or readily ascertainable amount . . . ." Cal.Code of Civ. Proc. § 483.010(b). Stephen argues that the decision of the state court in issuing the writ of attachment should preclude Stuart from arguing that Stephen's claim is not liquidated, and the court agrees.

---

[1]Because less than a year passed between the perfection of the attachment lien and the bankruptcy and Stephen is a relative, the lien is avoidable as a preference. See note 2, below.

2

The state court specifically held the $947,790.00 paid to Stuart when he was unlicensed was a readily ascertainable amount. The writ was issued after a noticed hearing where Stuart appeared, and the state court specifically addressed his arguments. The finding was necessary, as a writ of attachment cannot be issued without a finding that the amount of the debt is fixed or readily ascertainable. Lastly, the issuance of the writ is appealable pursuant to C.C.P. § 904.1(a)(5) and is therefore a final order.

Even if Stuart is not precluded by issuance of the writ, the court quite agrees with the state court that Stephen's claim is subject to ready determination. It is the precise amount Stuart is alleged to have received while he was unlicensed. The fact that liability is disputed does not render the claim unliquidated. *In re Slack,* 187 F.3d 1070, 1074-75 (9th Cir. 1999). Moreover, the fact that the writ created a secured debt does not mean that Stephen's claim is treated a secured for eligibility purposes; where a secured claim is clearly subject to avoidance, it is treated as unsecured. *In re Scovis,* 249 F.3d 975, 983 (9th Cir. 2001).[2]

III. Confirmability

Setting aside eligibility, it is clear that Stuart's plan is an attempt to pound a square peg into a round hole. It bears little resemblance to an ordinary Chapter 13 plan, as Stuart has virtually no income. The court finds it is based on speculation and illusion and cannot be confirmed.

Stuart is 60 years old. His income for 2014 was $5,179.00. His income for the first nine months of 2015 was $1,750.00. He estimates that his annual income for the foreseeable future will be less than $25,000.00 per year. He proposes to fund his plan from three sources. First, he will pay $400.00 per month for 60 months. Second, he will prosecute his claims against Stephen and use the

---

[2] In fact, Stuart has already brought an adversary proceeding to avoid the lien created by the writ and Stephen's default has been entered. Also, while creditor Kamensky supposedly has a deed of trust, its validity is dubious and the obligation was scheduled as unsecured. Thus, it appears that Stuart has at least $1 million in liquidated and noncontingent unsecured debt, and probably more than $1.3 million. These numbers are far in excess of eligibility limits for Chapter 13.

3

money to pay creditors.  Third, he will develop three parcels of real property and sell them within 18 months of confirmation.

The debtor bears the burden of showing all the elements set forth in § 1325(a) of the Code. *In re Barnes,* 32 F.3d 405, 407 (9th Cir. 1994).  Section 1325(a)(6) requires the debtor to show that he will be able to make all payments under the plan and to comply with the plan.  Stuart has not come anywhere near meeting this requirement.   Stuart has not convinced the court that he can even make the $400.00 in monthly payments he has proposed.  His income history and present earning capacity do not support such a finding, and his assertions that he can make the payments are unsubstantiated and unconvincing.  More importantly, Stuart has completely failed to convince the court that his plan to develop and sell three parcels of real property has any likelihood of success.  Given his age, his lack of demonstrated success as a developer, and the fact that he has in the past violated state contractors law, the court cannot find that he is likely to pull of his development plans successfully.  Nor is there anything to keep him from seeking to exercise his right to dismiss this case when the 18 months he proposes to give himself have passed.

IV.  Conclusion

Stuart is not eligible for Chapter 13 relief because his unsecured debt exceeds the permissible amount.  Even if he were eligible, his plan is not confirmable because he cannot meet his burden of showing that it is feasible.  Accordingly, confirmation will be denied and this case will be dismissed 30 days after entry of the order denying confirmation unless it has been converted to another chapter before then.  Counsel for Stephen shall submit an appropriate form of order so providing.

Dated: November 20, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

4